# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nita Gordon, personal representative of Antonio Gordon,

    Plaintiff,

v.

Keith Bierenga and City of Royal Oak,

    Defendants.

Case No. 18-cv-13834

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

_____/

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [19] AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE CITY OF ROYAL OAK [17]

Plaintiff Nita Gordon brings this case on behalf of Antonino Gordon[1] who was shot and killed by defendant police officer Keith Bierenga, of the Royal Oak Police Department. The complaint includes one count of excessive force against Officer Bierenga and one count of municipal liability against defendant the City of Royal Oak. After

---

[1] Defendants point out that the deceased's name is, in fact, Antonino, and not Antonio, as listed in the case caption. Obituaries for Mr. Gordon confirm that his name is Antonino. Out of respect for the deceased, the Court will use Antonino in the body of the opinion.

defendants filed an answer, the City moved for judgment on the pleadings on plaintiff's municipal liability claim. In response, plaintiff filed a motion for leave to file an amended complaint that includes additional allegations regarding municipal liability and adds a count of gross negligence against Officer Bierenga. Both motions are before the Court.

**I. Background**

On April 10, 2018, Officer Bierenga pursued Antonino Gordon in his vehicle and pulled Gordon over in Royal Oak, Michigan. (Dkt. 1 at 2.) Before Officer Bierenga could speak with Gordon, he drove away fearing arrest on a potential outstanding warrant. (*Id.* at 3.) Officer Bierenga returned to his vehicle and searched for Gordon, who was driving a BMW vehicle. (*Id.*) He eventually identified the BMW in a parking lot of a White Castle restaurant. (*Id.*)

In the parking lot, Officer Bierenga exited his vehicle with his gun drawn. (*Id.*) Gordon attempted to drive away, and Officer Bierenga shot at Gordon in his vehicle "at point blank range" four times. (*Id.*) He struck Gordon. (*Id.*) Although Gordon managed to drive away, he was mortally wounded. (*Id.*) He lost consciousness while driving and died at some point

2

thereafter. (*Id.*) Gordon's personal representative, Nita Gordon, brings this suit for excessive force and municipal liability on behalf of his estate.

## II. Motion to Amend

Because permitting amendments would moot defendants' motion for judgment on the pleadings, the Court will address the motion to amend first.

### A. Legal Standard

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants do not argue that there has been any delay, bad faith, or dilatory motive, but focus instead on futility. The Court will, as well.

3

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)). When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B. Analysis**

The proposed amended complaint does two things: it adds additional allegations with respect to the municipal liability claim against the City of Royal Oak and it adds a state law claim of gross negligence against Officer Bierenga. Defendants argue that both amendments are futile and should therefore be denied. Neither party

addresses the claim of excessive force as it is largely unchanged from the original complaint and defendants have not moved to dismiss this claim.

### i. Municipal Liability

Defendants argue that the additional allegations with respect to plaintiff's municipal liability claim are futile, because the allegations are conclusory. Plaintiff contends that both its original and amended complaint sufficiently state a claim for *Monell* liability under various theories.

A municipality may not be sued based solely on injuries inflicted by its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under [42 U.S.C.] § 1983." *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010) (quoting *Monell*, 436 U.S. at 694).

> To show the existence of a municipal policy or custom leading to the alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.

*Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (citing *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). Therefore, to survive a motion to dismiss, a plaintiff must allege "sufficient facts to find an applicable policy or custom," *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016), and cannot rely on allegations that amount to "bare recitation of legal standards," *Brown*, 517 F. App'x at 436. Rather, a plaintiff must include factual assertions regarding an actual policy or custom that violates his rights.

In the amended complaint, plaintiff seems to invoke multiple theories of municipal liability, but she focuses on an alleged failure to supervise or train. She also alludes to the City's acquiescence to these violations. Under a failure to supervise or train theory, plaintiff must plead facts that would "prove . . . (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the [government contractor's] deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Winkler*, 893 F.3d at 902 (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)). Deliberate indifference can be shown "where the [government contractor] fails to act in response to

6

repeated complaints of constitutional violations by its [employees]," *id.* at 903 (quoting *Ellis*, 455 F.3d at 700–01), or through "a single violation of federal rights, accompanied by a showing that [the government] has failed to train its employees to handle recurring situations presenting an obvious potential' for a constitutional violation," *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 738–39 (6th Cir. 2015) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)). Likewise, under a theory of acquiescence, plaintiff would be required to plead a pattern of unconstitutional conduct. *D'Ambrosio v. Marino*, 747 F.3d 378, 387–88 (6th Cir. 2014).

The Court cannot identify any properly pleaded facts that, when assumed to be true, would state a *Monell* claim under a failure to train theory, or any other theory. Plaintiff claims that "Defendant Royal Oak, through its policies, procedures, regulations, or customs, or lack thereof" violated his rights. (Dkt. 19-1 at 13.) She then lists thirteen ways in which the City is liable, including "failing to properly train[,] to enact or provide training[,] to adequately monitor[,]to have proper policies[,]to supervise," and, finally, through other "acts and omissions which may be learned through the course of discovery." (*Id.* at 13–14.) But this is a list

7

of bare legal recitals and conclusions. There are no concrete factual allegations of other instances of excessive, much less lethal force that plead or even support an inference of a pattern of unconstitutional conduct. Neither is there any mention of what, if any, training exists regarding the use of force. Because the additional allegations are merely conclusory and do not state a claim, permitting leave to amend this claim is futile.

### ii. Gross Negligence

Defendants also argue that plaintiff's addition of a claim of gross negligence brought pursuant to the Governmental Tort Liability Act ("GTLA") is futile. Defendants argue that, as a threshold matter, GTLA does not create a cognizable cause of action, and contend that, in any event, a claim of gross negligence cannot be premised on the same intentional conduct that underlies the claim of excessive force. Plaintiff counters by arguing that gross negligence is pleaded in the alternative.

"Under [GTLA], a governmental employee is not liable in tort for personal injuries as long as the employee's 'conduct does not amount to gross negligence that is the proximate cause of the injury or damage.'" *Oliver v. Smith*, 269 Mich. App. 560, 565 (2006) (quoting Mich. Comp.

Laws § 691.1407(2)). But the governmental immunity act does not *create* a cause of action. *Rakowski v. Sarb*, 269 Mich. App. 619, 627 (2006) (citing *Beaudrie v. Heanderson*, 465 Mich. 124, 139 (2001)). And Michigan courts have specifically "rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *VanVorous v. Burmeister*, 262 Mich. App. 467, 483 (2004) (citing cases).

In the context of police shooting cases, gross negligence is generally not actionable where it is "fully premised" on an intentional claim, such as excessive force. *Id.* Under circumstances like those pleaded here, the Michigan Court of Appeals explained:

> There is no claim that [plaintiff] was shot as the result of an accidental discharge of defendant's firearm or that defendant otherwise had not intended to shoot [plaintiff]. Negligence might have been the proper claim if defendant had unintentionally pulled the trigger or if defendant had been aiming at a different target but accidentally shot [plaintiff] instead. But there was nothing negligent or reckless about defendant's decision to point his firearm at [plaintiff] and shoot—he did so intentionally.

*Latits v. Phillips*, 298 Mich. App. 109, 119 (2012). Only where a claim was not "fully premised" on intentional conduct and there was *not* "undisputed evidence that defendant intentionally shot [the victim]" have Michigan courts permitted gross negligence claims to go forward in police

shooting cases. *Estate of Stanley-Jones v. Weekley*, No. 334619, 2018 Mich. App. LEXIS 130, at *8–9 (Jan. 18, 2018). Where the issue presented by a claim is only "whether the decision by the police officer was based on 'a good-faith belief that he was acting properly," the claim is fully premised on an excessive force claim. *Id.*

In turn, the Sixth Circuit has also rejected attempts to transform excessive force cases premised on police shootings into claims for gross negligence. For instance, in a case where plaintiff "allege[d] a claim of gross negligence against [a defendant officer] . . . by shooting and killing him," the Sixth Circuit held the claim was "not cognizable under Michigan law." *Livermore v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007). In *Bletz v. Gribble*, 641 F.3d 743 (6th Cir. 2011), the Sixth Circuit explained that a district court erred by not dismissing a claim of gross negligence premised on a police shooting, explaining that the "only cause of action available to plaintiff for allegations of this nature would be for assault and battery." *Id.* at 756. And although, in some instances, "Michigan does allow gross negligence claims based on allegations that also form the basis of a claim for intentional use of excessive force," *Jackson v. Lubelan*, 657 F. App'x 497, 502 (6th Cir. 2016), "[g]ross

10

negligence 'is not an independent cause of action' when the underlying claim is an intentional shooting of a suspect by an officer." *Presnall v. Huey*, 657 F. App'x 508, 513 (6th Cir. 2016) (quoting *Bletz*, 641 F.3d at 756).

Here, plaintiff pleads that Officer Bierenga "fired four shots at point blank range at [Gordon]." (Dkt. 19-1 at 6.) There is nothing in the proposed amended complaint to suggest that plaintiff, as an alternative theory, believes Bierenga accidentally fired his firearm into Gordon's car. Instead, the shooting is pleaded as intentional conduct, and therefore would more properly be brought as an intentional tort, such as assault and battery, or as plaintiff has brought here, a claim for excessive force under 42 U.S.C. § 1983. The allegations in this proposed count center around Officer Bierenga's "using deadly force when the use of such force was unreasonable." (Dkt. 19-1 at 18.) Therefore, the issue presented by this claim is whether the intentional shooting was reasonable, not whether Officer Bierenga intended to shoot. As pleaded, plaintiff's claim is fully premised on an excessive force claim based on "an intentional shooting of a suspect by an officer." *See Presnall*, 657 F. App'x at 513. Accordingly, amending the complaint to include the alternative theory of

11

gross negligence without including allegations of negligent or accidental conduct would be futile.

## III. Motion for Judgment on the Pleadings

Because the amendments are futile, and the Court will not grant leave to file the proposed amended complaint, the original complaint remains operative. The Court can now consider City of Royal Oak's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the municipal liability claim.

### A. Legal Standard

"The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). *See supra* Section II.A (setting forth the legal standard for a motion to dismiss).

### B. Analysis

The original complaint includes conclusory allegations regarding the City of Royal Oak. The complaint merely concludes that "there was a complete failure to train and supervise the officers and/or the training

and supervision of the offers was so reckless that future violations of citizens' rights were inevitable[.]" (Dkt. 1 at 6.) As set forth above, the original complaint does not include actual allegations of a pattern, as it includes no reference to other possible violations. And again, if plaintiff is attempting to plead a single violation rather than a pattern, he must allege "that [the government] has failed to train its employees to handle recurring situations presenting an obvious potential' for a constitutional violation," *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 738–39 (6th Cir. 2015) (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 409 (1997)). The original complaint does not allege or identify a specific lack of training or how training was deficient with respect to the use of deadly force. As a result, the complaint fails to state a claim against the City of Royal Oak, and the City is entitled to judgment on the pleadings as to this claim.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for leave to amend the complaint (Dkt. 19) is **DENIED** and defendant's motion for judgment

on the pleadings (Dkt. 17) is **GRANTED**. The City of Royal Oak is dismissed.

IT IS SO ORDERED.

Dated: May 22, 2019  　　　　　s/ Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge